UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

SHAMSIDDEEEN HATCHER,                )
                                     )
      Plaintiff,                     )
                                     )
v.                                   )    No. 2:17-CV-70-RLJ-MCLC
                                     )
F/N/U CLEMENS, Deputy; F/N/U         )
RAMSEY, Deputy; F/N/U MKAMEY,        )
Deputy; and F/N/U GRAY, Deputy,      )
                                     )
      Defendants.                    )

## MEMORANDUM AND ORDER

Plaintiff Shamsiddeen Hatcher, a former state prisoner, brings this pro se civil rights complaint for declaratory relief and monetary relief under 42 U.S.C. § 1983 [Doc. 1]. The four Defendants--Sullivan County, Tennessee Deputy Sheriffs Clemens, Ramsey, MKamey and Gray—are sued only in their official capacities [*Id.* at 3].

Plaintiff's application to proceed *in forma pauperis* reflects that he is penniless and that he thus lacks the financial wherewithal to pay the civil filing fee of three hundred fifty dollars ($350.00) [Doc. 3]. Therefore, his application [*Id.*] is **GRANTED**. *See McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997) (explaining that, after an inmate is released from confinement, his ability to pay is determined like any non-prisoner), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

I.      **PLAINTIFF'S ALLEGATIONS**

According to the allegations in the complaint, in the late evening hours on June 20, 2015, Defendants subjected him to retaliatory, excessive force in a mop closet at the Sullivan County Detention Center after he refused to remove his clothing [Doc. 1]. Defendants also violated

Plaintiff's right of privacy by filming his genital area with a hand held video camera. Plaintiff asserts that Defendants' alleged conduct violated his rights under the First and Eighth Amendments to the United States Constitution. For the alleged violation of his rights, Plaintiff asks for nine-hundred, ninety-nine thousand and ninety-nine dollars ($999,999.00) in damages, as well as a declaratory judgment [*Id.* at 3].

## II. SCREENING

The Court must screen complaints filed by non prisoners who are proceeding *in forma pauperis*. *McGore*, 114 F.3d at 608 (citing 28 U.S.C. § 1915(e)(2). Dismissal is required if complaints are frivolous or malicious, if they fail to state a claim for relief, or if they ask for monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

In performing this task, the Court recognizes that pro se pleadings filed in civil rights cases are construed charitably and held to a less stringent standard than formal pleadings drafted by lawyers. *McNeil v. United States*, 508 U.S. 106, 113 (1993); *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). Even so, the complaint must be sufficient "to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), which simply means the factual content pled by a plaintiff must permit a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). The standard articulated in *Twombly* and *Iqbal* "governs dismissals for failure state a claim under [§§ 1915A(b)(1) and 1915(e)(2)(B)(ii)] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010).

In order to state a claim under 42 U.S.C. § 1983, Plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *See Black v. Barberton*

2

*Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998); *see also Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) ("Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere.").

The Court examines the complaint under these guidelines.

### III. LAW AND ANALYSIS

#### A. Timeliness of Claims

Plaintiff complains about the treatment to which he was subjected on June 20, 2015. For the purposes of 42 U.S.C. § 1983, state statutes of limitations apply to determine the timeliness of claims. *Wilson v. Garcia*, 471 U.S. 261, 268-69 (1985), *superseded by statute on other grounds as recognized in Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 377-80 (2004). The one-year statute of limitations period contained in Tenn. Code Ann. § 28-3-104(a) applies to civil rights claims arising in Tennessee. *See Berndt v. Tennessee*, 796 F.2d 879, 883 (6th Cir. 1986); *see also Porter v. Brown*, 289 F. App'x. 114, 116, 2008 WL 3838227, at *2 (6th Cir. 2008) ("[O]ur precedent has long made clear that the limitations period for § 1983 actions arising in Tennessee is the one-year limitations provision found in Tenn. Code Ann. § 28-3-104(a)."). Ordinarily, the statute begins to run when a plaintiff knows or has reason to know of the injury upon which his action is based. *See Eidson v. State of Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 636 (6th Cir. 2007); *Sevier v. Turner*, 742 F.2d 262, 273 (6th Cir. 1984).

Plaintiff would have known of any injury he incurred from the violation of his constitutional rights on June 20, 2015. This means that Plaintiff would have had one year from that date, i.e., June 20, 2016, to file this instant § 1983 action. Plaintiff filed this case on April 19, 2017 [Doc. 1], some ten months after the statute lapsed.

Therefore, the applicable statute of limitations bars his claims, and they are due to be dismissed for failure to state a claim. *See Jones*, 549 U.S. at 215 (noting that "[i]f the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim . . . ."). Furthermore, claims that are time-barred under the relevant statute of limitations are frivolous. *See Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001).

**B.     Municipal Liability**

There is another reason why this action cannot advance: Plaintiff has failed to state a claim against Defendants in their official capacities.

Suits against officers in their official capacities under § 1983 are equated with suits against the governmental entity itself, *Barber v. City of Salem, Ohio*, 953 F.2d 232, 237 (6th Cir. 1992), and "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690, n. 55 (1978); *see also Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003) (observing that an official-capacity suit proceeds as though a plaintiff had sued the governmental entity a defendant represents). Indeed, if a plaintiff is awarded damages in an official-capacity suit, he must look to the governmental entity to satisfy such a judgment. *Kentucky v. Graham*, 473 U.S. 159, 166 (1995).

The governmental entity Defendants represent is Sullivan County, Tennessee. To succeed in a suit against Sullivan County, Plaintiff must show that its policy, practice, or custom has caused him to sustain a constitutional injury. *Monell*, 436 U.S. at 691. In other words, to state a § 1983 claim against Sullivan County, Plaintiff must: (1) identify the policy, (2) connect the policy to Sullivan County itself, and (3) demonstrate that his injury was incurred because of the execution of that policy. *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993). While an inmate

need not plead a theory of municipal liability with particularity, *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168-69 (1993), still he must give fair notice of the claim to Defendants. *Twombly*, 550 U.S. at 555.

Plaintiff's complaint does not give fair notice to Defendants that they might be held liable in their official capacities. This is so because Plaintiff fails to identify a policy to subject inmates to excessive force or to infringe on their privacy rights. Because Plaintiff has not alleged the existence of such a policy, not tied such a policy to Sullivan County, and has not established that the policy caused his injury, he fails to state a claim against Defendants in their official capacities.

## IV. CONCLUSION

This case will be **DISMISSED** as untimely filed and for failure to state a claim against Defendants in their official capacities. 28 U.S.C. § 1915(e)(2). The Court has carefully reviewed this case pursuant to 28 U.S.C. § 1915(a)(3) and **CERTIFIES** that any appeal from this action would not be taken in good faith. *See* Fed. R.App. P. 24(a)(3).

**AN APPROPRIATE ORDER WILL ENTER.**

ENTER:

s/ Leon Jordan
United States District Judge